IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| **STATE OF WEST VIRGINIA**,<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY;** and<br><br>**ALEJANDRO MAYORKAS**, in his official capacity as the Secretary of the Department of Homeland Security,<br><br>Defendants. | Case No. 2:21-CV-22<br><br>(Judge Kleeh) |

**<u>DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO STAY</u>**

The Court should stay this case. Plaintiff fails to articulate any prejudice that Plaintiff will suffer as a result of a stay. Instead, Plaintiff argues that the bar to obtain a stay is high. Not so. The Court has broad authority to grant a stay for any number of reasons, including judicial economy where the Supreme Court may soon consider legal issues which may bear upon this action. As set forth below, and in Defendants' stay motion, a stay is appropriate here notwithstanding Plaintiff's arguments to the contrary.

**(1) The Court Has Broad Discretion to Grant a Stay.**

Plaintiff argues that a party seeking a stay faces a "heavy burden," and cites to *Landis v. N. Am. Co.* for the proposition that "the suppliant for a stay must make out a clear case of hardship …[and] [o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Pl. Opp. at 3 (citing 299 U.S. 248, 255 (1936)). But Plaintiff ignores the language immediately following this quotation—"Considerations such as these, however, are counsels of moderation rather than limitations upon power." *Id.* Whether or not to grant a stay is a question of discretion, and the Court has broad authority to exercise that discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997)[1]; *Sec. and Exchange Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980). Indeed, courts routinely grant stays when a higher court is considering a legal issue that bears upon the

---

[1] Plaintiff argues, in a footnote, that in *Clinton* the Supreme Court overturned the district court's stay as an abuse of discretion, allegedly "illustrating the high standard" necessary to obtain a stay. Pl. Mot. at 3, FN 2. However, the Court in *Clinton* did not hold that the standard to obtain a stay was high; on the contrary it reiterated that the standard is one of discretion. Notwithstanding, it found that the district court's decision to order a stay of a trial in a case against the President of the United States until the President's term was over was an abuse of discretion because "[s]uch a lengthy and categorical stay takes no account whatever of the respondent's interest in bringing the case to trial…[and] delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton*, 520 U.S. at 707–08. None of these concerns is present here.

case. *See e.g.*, *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461-62 (S.D. W.Va. 2013), *Lodise Wadley v. Warden R. Hudgens*, No. 1:20-CV-20, ECF No. 32 (J. Kleeh) (holding case in abeyance pending decision by Fourth Circuit on relevant legal issue).

**(2) Plaintiff's Arguments in Opposition to a Stay Are Without Merit.**

Plaintiff argues that this case and *Texas* do not substantially overlap because the parties are not the same and the *Texas* Court did not address all the documents challenged in this case. Pl. Opp. at 6. These arguments do not overcome the reasons the Court should grant a stay based on comity and judicial economy.

Plaintiff claims the "argument that a stay will conserve judicial resources might be valid if this case raised no additional issues outside of those addressed by *Texas v. Biden*…[but] Plaintiff's Amended Complaint addresses the October Termination Memorandum," which was not at issue in *Texas*. Pl. Opp. at 11. However, the October 29 Termination Memorandum by its own terms does not take effect unless and until the *Texas* injunction is lifted. Thus, there is no exigency for this Court to review the legality of the October 29 memorandum the Secretary of Homeland Security issued following the Texas court's remand to the agency. Moreover, perfect unity of parties and issues is not necessary for a stay to make sense. *Landis*, 299 U.S. at 254 ("we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical.").

Plaintiff also incorrectly disputes that a decision by the Supreme Court in *Texas* may be "instructive" in this case. Pl. Opp. at 12. Plaintiff claims that pursuant to 8 U.S.C. § 1225(b)(2)(A), Defendants have a binary choice of detaining noncitizens arriving at the border or returning them to the country from which they arrived pending removal proceedings. FAC at ¶¶ 159-167. The

2

government has petitioned for a Writ of Certiorari asking the Supreme Court to review that precise issue. *Texas v. Biden*, No. 21-954.

Plaintiff also argues that the Court is not at risk of issuing an injunction that conflicts with the *Texas* injunction because this Court can simply "watch where it steps." Pl. Opp. at 6. But Plaintiff's operative compliant challenges, in part, the December 2 Guidance the agency issued specifically to implement the *Texas* injunction. Any challenge to the December 2 Guidance, or any order requiring Defendants to implement the Texas injunction or MPP in a different manner, will interfere with the government's compliance with another court's order. Comity counsels in favor of a stay in these circumstances. *See* Defs' Motion at 9-10.

Further, an order requiring the government to reimplement MPP on terms other than those set forth in the December 2 Guidance would interfere with commitments that were already made, following extensive negotiations with Mexico, to comply with the *Texas* injunction. *See* Defs' Motion at 11 (citing Third Supplemental Notice of Compliance with Injunction, *Texas*, 2:21-CV-00067-Z, ECF No. 117). Plaintiff questions "[w]here is the evidence that such requirements were necessary to re-implement MPP?" Pl. Opp. at 8. The evidence of Mexico's concerns, and Defendants' efforts to meet those concerns, was filed in the Texas case, including the declaration of Acting Assistant Secretary of Homeland Security for Border and Immigration Policy Blas Nuñez-Neto. *See* Exhibit 1 to Third Supplemental Notice of Compliance with Injunction, *Texas*, 2:21-CV-00067-Z, ECF No. 117. Mexico has also made public statements about its concerns with the prior implementation of MPP that had to be addressed before MPP could restart, as referenced in the Nuñez-Neto declaration. *See* https://www.gob.mx/sre/prensa/informacion-sobre-dialogos-en-materia-migratoria-con-el-gobierno-de-los-estados-unidos?state=published.

3

### (3) Plaintiff Has Not Identified Any Prejudice It Will Suffer By a Stay.

The thrust of Plaintiff's original complaint and its amended complaint is the allegation that the termination of MPP has contributed—through a speculative maze of cause and effect—to increased fentanyl deaths in West Virginia. *See generally* ECF Nos. 4, 15. But MPP is currently operational, and therefore, Plaintiff will suffer no harm from a stay of these proceedings. Plaintiff argues, however, that MPP is "not, as Defendants claim, operational" because it has not been implemented in the manner Plaintiff seeks. Pl. Opp. at 10. Regardless, Plaintiff has not identified any actual harm from the current implementation of MPP. Other than vaguely stating that "fentanyl trafficking, fentanyl deaths, and illegal immigration appear to continue," Pl. Opp. at 10, Plaintiff has not articulated, specifically or otherwise, how a stay in this case will prejudice West Virginia. Tellingly, the fact that Plaintiff alleges that fentanyl deaths continue apace in West Virginia even now that MPP has restarted demonstrates how tenuous and speculative Plaintiff's claim of injury is. Stated differently, because the injury alleged by Plaintiff in their complaint is, by their own admission, occurring regardless of whether MPP is in place, Plaintiff has not articulated how a stay in this case will prejudice West Virginia.

### CONCLUSION

For all these reasons and those set forth in Defendants' motion, this Court should stay all deadlines in this case, including Plaintiff's January 19, 2022, deadline to file a motion for a preliminary injunction and Defendants' January 21, 2022, deadline for a responsive pleading, pending resolution of the Petition for Writ of Certiorari and, if granted, the Supreme Court proceedings in *Texas v. Biden*.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

BRIAN C. WARD
Senior Litigation Counsel

*/s/ Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

WILLIAM J. IHLENFELD, II
United States Attorney

*/s/ Christopher J. Prezioso*
Assistant United States Attorney
W. Va. Bar # 9384
United States Attorney's Office
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV  26003
(304) 234-0100
Christopher.J.Prezioso@usdoj.gov

*Counsel for Defendants*