IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

    **Plaintiff,**

v.                                                           CIVIL ACTION NO. 2:21-CV-22
                                                                                      (JUDGE KLEEH)

**UNITED STATES DEPARTMENT OF
HOMELAND SECURITY and ALEJANDRO
MAYORKAS, in his official capacity
as the Secretary of the United States
Department of Homeland Security,**

    **Defendants.**

**ORDER OF STAY PENDING DECISION IN <u>BIDEN V. TEXAS</u>,
NO. 21-954, 2022 WL 497412, at \*1 (U.S. Feb. 18, 2022)**

I. <u>**Procedural History**</u>

On December 30, 2021, Defendants filed a motion to stay this action pending the conclusion of proceedings in <u>Texas v. Biden</u>, -- F. Supp. 3d ----, 2021 WL 3603341 (N.D. Tex. Aug 13, 2021). [ECF No. 18]. Defendants also moved for an administrative stay of all deadlines in this case, including Plaintiff's deadline to file a preliminary injunction and Defendants' deadline to answer the amended complaint. [ECF No. 20]. Plaintiff responded in opposition to both motions to stay. [ECF No. 22]. The Court granted in part and denied in part that motion. [ECF No. 29]. Having sound discretion to stay these proceedings, the Court ordered an administrative stay of this action pending resolution of the Petition for a Writ of Certiorari filed in <u>Texas v. Biden</u>. [ECF

No. 29]. The administrative stay included the deadlines for any motion for preliminary injunction and Defendants' answer or responsive pleading to the amended complaint. Id. The Court denied Defendants' motion to stay, without prejudice with leave to refile, pending the *conclusion* of proceedings in Texas v. Biden. Id.

On February 25, 2022, Defendants filed the instant Renewed Motion for Stay Pending Decision by the Supreme Court of the United States in Biden v. Texas, No. 21-954, 2022 WL 497412, at *1 (U.S. Feb. 18, 2022). [ECF No. 30]. The Supreme Court granted certiorari in Biden v. Texas on February 18, 2022 and scheduled an expedited briefing schedule to hear argument "in the second week of the April 2022 argument session." Id. No response by Plaintiff to the Renewed Motion was filed. See LR Civ P 7.02(b).

## II.  Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citations omitted).  "True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."

2

Id. at 255.[1] "The Court considers the following factors when determining whether to grant a stay: (1) the length of the requested stay; (2) the hardship that the movant would face if the motion were denied; (3) the burden a stay would impose on the nonmovant; and (4) whether the stay would promote judicial economy by avoiding duplicative litigation."  Stone v. Trump, 402 F. Supp.3d 153, 160 (D. Md. 2019) (internal quotations and citations omitted).  This Court has recognized the same.  The power to order a stay "is not unfettered. A party seeking a stay must sustain the heavy burden of justifying it by showing that clear and convincing circumstances support a stay. . . . Further, the Court must weigh the equities when deciding whether to grant a stay, and must also consider the interests of judicial economy and the desire for the orderly and expeditious disposition of cases."  Tucker v. Thomas, No. 5:10CV31, 2012 WL 254141, at *1 (N.D.W. Va. Jan. 27, 2012) (Stamp, J.) (internal quotations and citations omitted) (citing Landis).

---

[1] The Landis decision addressed competing litigation among different parties but shared legal questions. Regardless, finding the question presented here governed by this Court's discretion and the continued applicability of Landis, the Court assesses the issue presented in Defendants' motion accordingly. See In Re Mid-Atlantic Toyota Antitrust Litigation, 92 F.R.D. 358, 359 (D. Md. 1981) (citing Landis) ("The power of a district court to stay proceedings is an offshoot of a court's inherent power to control its docket. . . . It is a purely discretionary power."); Stone v. Trump, 402 F. Supp.3d 153, 160 (D. Md. 2019) (citing Landis).

### III. Analysis

Plaintiff filed a Complaint on August 19, 2021, seeking relief under 5 U.S.C. § 706 for a declaration by this Court that Defendants' June 1, 2021, termination of the Migrant Protective Protocols ("MPP") was arbitrary, capricious, and an abuse of discretion, and to remand the June 1, 2021, termination decision to Defendants for consideration of border security and fentanyl trafficking. Compl., ECF No. 1. On October 29, 2021, Defendant Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, issued a new memorandum, which rescinds and supersedes the June 1, 2021, memorandum terminating the MPP. Thereafter, Plaintiff filed a Motion for Leave to Amend its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and reasserted the same claims against Defendants for the October 29, 2021, memorandum. Defendants argue the issues raised by Plaintiff are substantially similar to those being litigated before the Supreme Court of the United States. Because Plaintiff asks the Court to "[i]ssue preliminary and permanent injunctive relief against the Termination Decision and all related or consequent memoranda, including but not limited to the June Termination Memorandum and October Termination Memorandum" and "[i]ssue preliminary and permanent injunctive relief requiring the Defendants to fully and in good faith implement the MPP, including the removal from its [December 2] Reimplementation Guidance," the

4

same relief sought by Plaintiff in Biden v. Texas, Defendants' argument counsels in favor of a stay.

In weighing the equities, the Court finds staying this case until the Supreme Court concludes the proceedings in Biden v. Texas, No. 21-954, 2022 WL 497412, at *1 (U.S. Feb. 18, 2022), which is scheduled for argument in under two short months, to be appropriate. The Court can easily discern the consequences flowing from the risk of competing injunctions as the issues pending before this Court overlap with those scheduled to be heard for argument before the Supreme Court in April of this year. The Court is faced with a terminable period of stay that has been identified by Defendants. Certainly, an indefinite stay would present docket management concerns; but here, the principles of comity prevail. Indeed, the prejudice of duplicative litigation is high, such that the important interest of judicial economy is furthered by a stay as there is risk of competing or conflicting decisions and findings.

### IV. Conclusion

Having identified, considered, and weighed all the appropriate factors, the Court finds a stay is an appropriate exercise of discretion. The Court hereby **GRANTS** Defendants' Renewed Motion for Stay [ECF No. 30] and **ORDERS** a **STAY** of this action pending resolution of Biden v. Texas, No. 21-954, 2022 WL 497412, at *1 (U.S. Feb. 18, 2022).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: March 14, 2022

*/s/* Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE